UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CARLOS VELEZ,

          Plaintiff,

    v.                                                           20-CV-387 (JLS) (JJM)

MICROGENICS CORPORATION and
THERMO FISHER SCIENTIFIC, INC.,

          Defendants.

_____

## DECISION AND ORDER

*Pro se* plaintiff Carlos Velez is in Department of Corrections and Community Supervision ("DOCCS") custody at Five Points Correctional Facility. He filed a complaint, seeking relief under this Court's diversity jurisdiction, for violation of his rights when DOCCS disciplined him for drug use while he was confined at Attica Correctional Facility ("Attica"). Dkt. 1. Specifically, Velez seeks relief because the testing equipment Defendants provided to DOCCS produced a false positive result. *See id.* Velez also requested permission to proceed *in forma pauperis.* Dkt. 2.

Defendant Microgenics Corporation appeared and moved to dismiss. Dkt. 4. For the reasons discussed below, Velez's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)—and Microgenics's motion to dismiss denied as moot—unless Velez files an amended complaint as directed.

## DISCUSSION

Because Velez satisfied the statutory requirements of 28 U.S.C. § 1915(a) and filed the required authorization (Dkt. 2), he is granted permission to proceed *in forma pauperis*.  Therefore, under Section 1915(e)(2)(B), this Court must screen Velez's complaint.

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The Court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the Court determines that the action:  (1) fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1)-(2).  And the Court shall dismiss the complaint of a civil litigant proceeding *pro se* if, among other reasons, the complaint "fails to state a claim on which relief may be granted."  *See*  28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotations omitted).  But leave to amend may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## I. Review of the Complaint.

The Court must accept all factual allegations as true and must draw all inferences in Velez's favor when evaluating the complaint. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). A court "is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), but even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

Under these standards, Velez alleges that, while confined at Attica in June 2019, he submitted a urine sample that was tested with the "Indiko Plus urinalysis analyzer." *See* Dkt. 1, at 4 ¶ 20. The urine sample Velez submitted returned a "false positive" for prohibited drug use. *See id.* As a result, Velez was subjected to thirty days in keeplock, lost attendant privileges, and lost opportunities like preferential transfer to a prison closer to home as disciplinary sanctions. *See id.* at 1 ¶ 4; *id.* at 2 ¶¶ 5-6. On January 6, 2020, "DOCCS confirmed that . . . Velez's test

3

results were a faulty false positive." *Id.* at 5 ¶ 24.  Velez alleges that Defendants[1]
were negligent in providing the equipment to DOCCS, in training DOCCS officers
on the equipment, in operating and maintaining the equipment, and in failing to
ensure that equipment at DOCCS facilities functioned properly.  *See* Dkt. 1, at 5
¶ 26.

## II.   Analysis of Velez's Claims.

As explained above, the Court must dismiss the complaint if it determines
that the complaint fails to state a claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).
Neither defendant has been formally served.  Nevertheless, Defendant Microgenics
moved to dismiss the complaint.  *See* Dkt. 4.  Defendant Thermo Fisher Scientific,
Inc. has not responded to the complaint, so the complaint is subject to initial Section
1915 review.

Because the Court dismisses the complaint with leave to amend, as set forth
below, it denies Microgenics's motion to dismiss as moot.  *See Graham v. Bank of
Am.*, 432 F. App'x 41 (2d Cir. 2011) (addressing *sua sponte* dismissal and holding
that "a district court must dismiss an action when . . . the complaint fails to state a
claim on which relief may be granted," citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

---

[1] Thermo Fisher, including Fisher Scientific, "manufactures in vitro diagnostic
reagents, calibrators, and controls," and Microgenics "specializes in developing,
validating, manufacturing, and supplying drugs for abuse testing . . . and
therapeutic drug monitoring . . . assays." *Fisher Sci. Co. L.L.C. v Ortho-Clinical
Diagnostics, Inc.*, No. 1:18-CV-3088 (ALC), 2019 WL 1427564, at *1 (S.D.N.Y. Mar.
29, 2019).

**A. Negligence Claims Against Defendants.**

Velez raises negligence claims against Defendants, based on this Court's diversity jurisdiction. *See* Dkt. 1, at 6 ¶ 28– 7 ¶35.  A negligence claim under New York law requires: "(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Pasternack v. Lab. Corp. of Am. Holdings*, 807 F3d 14, 19 (2d Cir. 2015), *as amended* (Nov. 23, 2015), *certified question accepted*, 26 N.Y.3d 1074 (2015), *certified question answered*, 27 N.Y.3d 817 (2016).  Significantly,

> [i]f the defendant owes no duty to the plaintiff, the action must fail. Although juries determine whether and to what extent a particular duty was breached, it is for the courts first to determine whether any duty exists. The definition of the existence and scope of an alleged tortfeasor's duty is usually a legal, policy-laden declaration reserved for [j]udges to make prior to submitting anything to fact-finding or jury consideration.

*Id.* (internal quotations and citations omitted).  Velez's claims fail under this standard because he does not allege that Defendants owed him a duty.

Under New York law, "a contractor generally does not owe an independent tort duty of care to a non-contracting third party." *Dung Nguyen v. Morrison Healthcare*, 412 F. Supp. 3d 196, 202 (E.D.N.Y. 2018).  But three exceptions to this general rule exist, in which a contractual obligation may create a duty of care to a non-contracting third party:

> (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely.

*Id.*

5

Only the first exception bears a connection to Velez's claims.  The exception does not apply here, however—where DOCCS performed the testing and Velez alleges that Defendants failed in some unspecified manner to assist DOCCS officials in performing the tests. *Cf. Landon v. Kroll Lab. Specialists, Inc.*, 22 N.Y.3d 1, 6-7 (2013) (holding that where contracting defendants performed the tests, "Defendant had a duty to plaintiff to perform his drug test in keeping with relevant professional standards").

Even if Defendants owed a duty to Velez, Velez's conclusory and speculative allegations of negligence would not support his claims.  In particular, Velez deduces from the false positive result that Defendants must have breached a duty to him. *See* Dkt. 1, at 6 ¶¶ 30-32.  The complaint fails to plausibly allege a breach of duty that would constitute negligence. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  A false positive result by a screening test—without more—does not support a negligence claim; rather, it supports only an inference that the false positive resulted from the inherent limitations of a screening test.  Velez does not offer more here but alleges only a list of the steps at which Defendants could have made errors, plus conclusory claims of a breach of duty. *See generally* Dkt. 1, at 5-6.

### B. Claims Against DOCCS for Use of Drug Screening Tests.

Velez frames his complaint as negligence claims against screening test manufacturers. To the extent that Velez also seeks relief against DOCCS for the sanctions he received as a result of the positive test result,[2] his complaint does not state a claim for violation of his due process rights. *See Peranzo v. Coughlin*, 675 F. Supp. 102, 103-05 (S.D.N.Y. 1987) (analyzing New York State prisoners' claims against DOCCS based on the use of urinalysis test results in disciplinary hearings and parole proceedings, and granting defendants' motion for summary judgment), *aff'd*, 850 F.2d 125 (2d Cir. 1988).

### C. Leave to Amend.

Because Velez's complaint does not state claims against Defendants, the Court dismisses the complaint for failure to state a claim but grants Velez leave to amend to set forth the necessary allegations, if possible. *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) (noting that "sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed. R. Civ. P. 15(a)(2) (leave to amend shall be freely given).

---

[2] Because Velez is proceeding *pro se* and seeks relief for discipline he received based on a false positive result from a test administered by DOCCS, the Court briefly considers whether Velez's complaint states a claim against DOCCS. *See* Dkt. 1, at 1 ¶ 1; *McEachin*, 357 F.3d at 200 (noting that the Court "is obliged to construe [*pro se*] pleadings liberally").

III.    **Velez's Request for Appointment of Counsel.**

In addition, Velez asks the Court to appoint counsel "due to the complicated nature of this case." *See* Dkt. 1, at 7 ¶ B.

When deciding whether to grant a request for counsel by an indigent party, courts consider "a variety of factors." *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). As a "threshold matter, . . . the district court must consider the merits of the . . . claim." *Id.* If the threshold inquiry indicates that the plaintiff "appears to have some chance of success," the court should consider other factors, including: (1) "the nature of the factual issues the claim presents"; (2) "the plaintiff's apparent ability to present the case"; and (3) whether "the legal issues presented are complex." *Id.* at 60-61.

At this time, the Court lacks sufficient information to complete the inquiry set forth in *Hodge* and, therefore, denies Velez's request for appointment of counsel, without prejudice, as premature. *See Stewart v. Sheahan*, No. 17-CV-771-FPG, 2018 WL 5634869, at *3 (W.D.N.Y. Oct. 29, 2018).

CONCLUSION

For the reasons set forth above, the Court grants Velez's application to proceed *in forma pauperis*. Velez's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **August 31, 2020**, in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Velez is advised that an amended complaint ***completely replaces*** the prior complaint in this case and, thus, "renders [the prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co. v. Int'l Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all of the allegations against each of the Defendants so the amended complaint may stand alone as the only complaint Defendants must answer. If Velez does not file an amended complaint as directed, the complaint will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B).

## ORDER

IT HEREBY IS ORDERED, that Velez's application to proceed *in forma pauperis* (Dkt. 2) is GRANTED; and it is further

ORDERED that Velez is granted leave to file an amended complaint as directed above by no later than **August 31, 2020**; and it is further

ORDERED that the Clerk of Court shall send to Velez a copy of the original Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint, with this order; and it is further

ORDERED, that Microgenics's motion to dismiss (Dkt. 4) is DENIED as moot; and it is further

ORDERED that if Velez does not file an amended complaint as directed above, the Clerk of Court shall close this case as dismissed with prejudice without further order; and it is further

ORDERED that if the complaint is dismissed because Velez does not file an amended complaint by **August 31, 2020**, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this decision and order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

DATED:      July 16, 2020
                  Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE